RECEIVED
MAR 31 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| **KELVIN STANLEY GEOGHAGAN** | **CIVIL ACTION NO. 04-2244-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Kelvin Stanley Geoghagan ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on October 29, 2004. Petitioner is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court sentences. He names the State of Louisiana as respondent.

Petitioner claims that on March 11, 1994, he was convicted of one count of forcible rape and one count of sexual battery in the Louisiana Eleventh Judicial District Court, Parish of Sabine. He claims he was sentenced to 40 years imprisonment as to the forcible rape conviction and four years imprisonment as to the sexual battery conviction.

In support of this petition, Petitioner claims his sentences are illegal.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). However, where a state prisoner's federal habeas petition is based on claims that arose more than one year prior to the AEDPA's enactment, the AEDPA's one year limitation period bars the petition unless it was filed on or before April 24, 1997. See United States v. Flores, 135 F.3d 1000, 1002 n.7 & 1006 (5th Cir. 1998) (applying the 1-year limitation period of AEDPA to both petitions filed under Sections 2254 and 2255); Flanagan v. Johnson, 154 F.3d 196, 199-201 & n.2 (5th Cir. 1998). In effect, this gives a petitioner whose conviction became final on or before April 24, 1996 a one-year grace period after the enactment of the April 24, 1996 legislation to file a petition. Thus, no petition filed before April 24, 1997 will be time-barred under 28 U.S.C. § 2244(d).

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

In this case, it appears Petitioner's convictions and sentences became final in 1994, prior to the enactment of the AEDPA. Petitioner was convicted on March 11, 1994 and was sentenced on June 23, 1994. It does not appear Petitioner filed a direct appeal from his judgments of conviction or sentence. Therefore, Petitioner's convictions and sentences became final in 1994 when the time limitation for seeking a direct appeal expired. See La.

C.Cr.P. art. 914.

It does not appear Petitioner filed any state post-conviction relief applications during the one-year period from April 24, 1996 through April 24, 1997. Thus, Petitioner's one-year period to file for federal habeas relief ended on April 24, 1997. The federal petition currently before the Court was received and filed in this Court on October 29, 2004, more than seven years too late.

In addition, the post-conviction proceedings initiated by Petitioner in 2002 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. It appears Petitioner filed a motion to correct illegal sentence in the Eleventh Judicial District Court in August 2002 and review of this motion continued until the Supreme Court of Louisiana denied relief in June 2004. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file this motion to correct illegal sentence until August 2002, more than five years after the limitation period had already expired in April 1997.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL

199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 30 day of March 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE